UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60163-RS

WELLS FARGO BANK, N.A. AS TRUSTEE
FOR BANC OF AMERICA FUNDING COR-
PORATION MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-5
    Plaintiff,



FILED BY_____D.C.

JUN 11 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Vs.

CLIFFTON L. SNEED, et. al    /

**DEFENDANT CLIFTON SNEEND'S MOTION FOR RECONSIDERATION OF *SUA SPONTE* REMAND ORDER and MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**

Defendant Cliffton L. Sneed, pursuant to Fed. R. Civ. § 59 respectfully submits this, my Motion for Reconsideration of the Court's May 14, 2024 *sua sponte* Remand Order [DE 5] and Motion for Leave to File Amended Notice of Removal, and in support hereof states:

A. *INTRODUCTION*

Pursuant to the Federal Rules of Civil Procedures § 59 ("Fed. R. Civ. Pro. § 59"), I, the self-represented Defendant Clifton Sneed (hereinafter, the "Defendant"), hereby seek reconsideration of the Court's May 14, 2024 *sua sponte* order [DE 5] remanding this case for, according to the Court - "lack of jurisdiction" and "failure to comply with the Court's May 9, 2024 order [DE 4]".

The Defendant seeks reconsideration in light of the Eleventh Circuit Court of Appeals (the "11th Circuit") decisions in *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Circuit 2001); and *In re Bethesda*

*Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997)). In *In re Bethesda*, the 11th Circuit held that it "may review a remand based on a procedural defect when it is pursuant to an untimely motion to remand. *In re Bethesda*, 123 F.3d at 1410.

As explained in more details below, the 11th Circuit in *Whole Health* relied heavily on the Fifth Circuit Court of Appeals' decision in *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir.1993). In both *Whole Health* and *In re Allstate*, those Circuit Courts held that the Federal Removal Statute, 28 U.S.C. § 1441 et seq., does not permit a district court's *sua sponte* remand of a case because of a defect in the removal procedure, and that such an action is not permitted as it falls outside the scope of 28 U.S.C. § 1447(c).

Here, as in *In re Bethesda, Whole Health* and *In re Allstate*, this Court improperly *sua sponte* remanded based on a perceived <u>non-jurisdictional</u> defect in my January 29, 2024 removal process. This Court should therefore reconsider its decision and thereafter, vacate its May 14, 2024 *sua sponte* remand order.

B. <u>STATEMENT OF FACTS AND STATEMENT OF THE CASE</u>

On January 29, 2024, the Defendant filed a notice of removal [DE 1], seeking to remove a suit filed by Plaintiff, Wells Fargo Bank N.A., (the "Plaintiff" or "WELLS FARGO") from a Florida state court to this District Court. I sought removal on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §1332. In my notice of removal, I asserted subject matter jurisdiction exists under 28 U.S.C. § 1332. That's because under § 1332(a), federal courts have diversity jurisdiction over any civil action in which the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states, which is exactly the case here. See 28 U.S.C. § 1332(a).

However, I may have inadvertently failed (procedurally) to properly state the citizenship of Plaintiff WELLS FARGO, as well as the citizenship of all the Defendants. However, that *procedural* failure can easily be cured should this Court allow me to amend my January 29, 2024 Notice of removal.

On Thursday May 9, 2024 (over 100 days after Removal), the Court entered an order directing me, the Defendant to file an amended notice of removal that clarifies the citizenship of the parties." Shockingly however, the Court afforded me ("a party serviced by non-electronic means") **only one business day**, (i.e., by Monday, May 13, 2024).... to respond to its May 9, 2024, order. The fact that I received the Court's May 9, 2024 order several days **after** the May 13, 2024 deadline, made it virtually impossible to timely comply with the May 9, 2024 order – due process demands more!

Nevertheless, on May 14, 2024 (**and before the Defendant even received a copy of the Court's May 9, 2024 order**), the Court entered a *sua sponte* order remanding the case back to state court, solely based on the same May 9, 2024 order that the Defendant had not yet received.

ARGUMENT

    i.    **The Court's May 9, 2024 Order Did Not Provide Defendant with Adequate Time to Respond to Same**

In addition to mailing me a copy of the May 9, 2024 order, the Clerk of this Court (the "Clerk"), simultaneously mailed me an "important notice", which was accompanied with the May 9, 2024 order. In relevant part, the Clerk's May 9, 2024 notice provides the following:

*IMPORTANT: ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE*

*Additional days to respond may be available to parties serviced by non-electronic means. See Fed. R.Civ.P.6(d)….and Local Rule 7.1(c)(1)(A)….."*

Fed. R. Civ.P.6(d) provides as follows:

> ….(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), **3 days are added after the period would otherwise expire** under Rule 6(a). (emphasis added).

Local Rule 7.1(c)(1) simply refers to Fed. R. Civ.P.6(d), by providing that "time shall be computed under this Local Rule in accordance with applicable federal rules of procedure (e.g., Fed. R. Civ. P. 6(a) and Fed. R. Crim. P.45(a))."

Here, before the 3rd day after May 13, 2024 (i.e., May 16, 2024) had even arrived, the Court had already acted on its May 9, 2024 order two days before – on May 14, 2024. Therefore, allowing the Defendant absolutely no time whatsoever to respond to its May 9, 2024 order – and that lack of response, was the **only** basis for the Court's May 14, 2024 remand order.

      ii.    **A Court Cannot Remand *Sua Sponte* for a "Procedural Defect" – and Prior to a Timely Filed Motion to Remand**

In *Whole Health*, the 11th Circuit held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis Added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, the Plaintiff, WELLS FARGO never filed such a motion for remand.

Moreover, where a defect is procedural, remand *sua sponte* is erroneous. See *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough,* 365 F.3d 1244 (11th Cir. 2004). (A "court which has subject matter jurisdiction may not remand the case *sua sponte*.").

28 U.S.C. 1447(c), is clear in that "a motion to remand the case on the basis of any defect in the removal procedure <u>must be made within 30 days after the filing of the</u> **<u>Notice of Removal</u>** under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects in my January 29, 2024 removal procedures, were waived, and/or forfeited by Plaintiff WELLS FARGO's failure to timely file a motion for remand within thirty days of January 29, 2024.

After I filed my January 29, 2024 notice of removal petition [DE (1)], Plaintiff WELLS FARGO did absolutely nothing here in this court. Given that 28 U.S.C. § 1447(c) allows a Plaintiff such as WELLSFARGO only thirty (30) days to object to removal, WELLS FARGO has therefore waived any objections to my January 29, 2024 removal procedure.

### iii.     28 U.S.C. § 1447(c)

Pursuant to 28 U.S.C. 1447(c), a motion to remand the case on the basis of any defect in the removal procedure <u>must be made within 30 days after the filing of the notice of removal</u> under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to any procedural defects in my January 29, 2024 removal procedures, were waived by Plaintiff WELL FARGO's failure to timely file a motion for remand within thirty days of January 29, 2024.

In general, a procedural defect is any technical substantive or procedural error which is not a challenge to lack of subject matter jurisdiction. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

In this particular case, it is without any dispute whatsoever that the Plaintiff has failed to file a motion to remand and thus, has waived any and all objections to the January 29, 2024 removal procedure.

Moreover, the Court's May 14, 2024 remand order was not only entered *sua sponte*, but it was based upon perceived defects in the removal procedure, *and not based upon the Court's lack of subject matter jurisdiction as required by the statute*. Here, the jurisdictional issue is undisputed – that's because the party's citizenship are diverse, and because of the fact that the controversy exceeds $75,000 dollars.

### iv. Failure to Establish A Party's Citizenship at the Time of Filing The Notice of Removal is a *Procedural* Defect

Relevant here, the 11th Circuit in *Corp Mgmt.*, concluded that the failure to establish a party's citizenship at the time of filing the removal notice is a "procedural, rather than jurisdictional, defect...." In making such a finding, the 11th Circuit relied substantially on its sister court's "well-reasoned opinion" in *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir.1993). In that case, because Allstate failed to adequately allege a party's residency in its notice of removal, the district court remanded the case to the state court. Here, because of the party's diversity and the amount of controversy exceeding $75,000, this case originally could have been brought in this federal court.

The Fifth Circuit further ruled that "Allstate's failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a

procedural, rather than jurisdictional, defect; The Fifth Circuit then held that district courts lack the "discretion *sua sponte* to remand for purely procedural defects," specifically, defects in establishing citizenship for the purpose of establishing diversity jurisdiction. Id. at 223. See also *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir.1997) (citing with approval the reasoning in *In re Allstate* that "a defendant's failure to allege citizenship as opposed to residency ... constituted a procedural defect").

In *Corp. Mgmt.*, our 11th Circuit agreed with the Fifth Circuit's interpretation of § 1447(c) and construction of a party's failure to establish citizenship in its notice of removal as a procedural defect. "[W]here subject matter jurisdiction exists, and any procedural shortcomings may be cured by resort to § 1653. Therefore, here, as in *Corp. Mgmt.*, and in *In re Allstate*, there should be no valid reason for this Court to decline the exercise of jurisdiction." See *In re Allstate*, 8 F.3d at 223. <u>Likewise, there should be no reason for this Honorable Court not to allow me leave to amend my notice of removal.</u>

Based on the above precedents, the Court, respectfully, may have exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for Plaintiff WELLS FARGO's motion." See *Whole Health*. In *Whole Health*, our 11th Circuit held in that "[t]he language of § 1447(c), especially Congress' use of the language "a motion to remand must be made" in connection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that the district court must wait for a party's motion before remanding a case based on procedural defect." Id. at 1320-21.

Here, it appears that the Court indirectly based its May 14, 2024 *sua sponte* remand order on a perceived "lack of jurisdiction" under § 1447(c), apparently[1], based on the Defendant's alleged failure to state the citizenship of all the parties. Once again however, in *Whole Health*, the 11th Circuit (in relying on many of its sister Circuit Courts) concluded that "the failure to establish a party's citizenship at the time of filing the removal notice is a "procedural, rather than jurisdictional, defect.", citing *In re Allstate Ins.* Co., 8 F.3d 219, 221 (5th Cir.1993).

On appeal however, the Fifth Circuit reasoned that "a 'procedural defect' within the meaning of § 1447(c) refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court." Id. at 221 (internal quotation marks and citation omitted). Thus, "Allstate's failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect – The same is true here.

Also, relevant here, in *Whole Health*, the 11th Circuit noted (in its citation of *In re Allstate*), that the Fifth Circuit then held that district courts lack the "discretion sua sponte to remand for purely procedural defects," <u>specifically, defects in establishing citizenship for the purpose of establishing diversity jurisdiction.</u> (emphasis added). See also *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir.1997) (citing with approval the reasoning in *In re Allstate* that "a defendant's failure to allege citizenship as opposed to residency . constituted a procedural defect").

---

[1] The Court's May 14, 2024 remand order does not (on its face) provide a specific reason for the Court's sua sponte action. Instead, the order only refers to the Defendant's alleged failure to comply with the Court's May 9, 2024 order. Thus, the Defendant is left to assume that the Court's May 14, 2024 remand order was prompted by the "citizenship" issued raised in the Court's May 9, 2024 order [DE 4].

v.  **Motion for Leave to Amend**

See *Corp Mgmt*. ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653."

It is well settled that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. Pursuant to this provision, "if a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission ...." *Corp Mgmt*. (internal quotes omitted).

This principle, however, applies only "where subject matter jurisdiction exists" and the problem is merely an inartful pleading of such jurisdiction – similar to the case here, which involves an apparent failure to allege certain party's citizenship. This is a common error and generally does not establish the absence of diversity since the state of a person's residence is typically the state of his citizenship.

Here, this case involves an easily corrected error in a jurisdictional allegation where diversity clearly exists, and the amount of controversy exceeds $75,000 – neither of which the Court questions in its May 9, 2024 order, nor its May 14, 2024 remand order.

Once again, In *Whole Health*, the 11th Circuit agreed with the Fifth Circuit's interpretation of § 1447(c) and construction of a party's failure to establish citizenship in its notice of removal as a procedural defect, and that "where subject matter jurisdiction exists, and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction."

Indeed, Section 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  As the Fifth Circuit has explained:

> "The general allegation in the original petition for removal in this case, "that the controversy in said case is entirely between citizens of different states," although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. *Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir.1961) (citation omitted).

According to the 5th and 11th circuits, "If a party fails to specifically allege citizenship in their notice of removal (as the Defendant may have done here), the district court should allow that party "to cure the omission," as authorized by § 1653. Also see *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir.1979). For example, in *Armada Coal*, a party "imperfectly pled" federal diversity jurisdiction as the ground for its removal to federal court. *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568 (11th Cir.1984). In *Armada Coal*, the 11th Circuit remanded the case to the district court with instructions to grant the party leave to amend its notice of removal to "unequivocally" establish diversity of citizenship." See also see *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir.1969) (holding that defective allegations of citizenship may be amended to establish diversity jurisdiction).

Thus, according to the well-established precedents in *Whole Health*, *In re Allstate*, *D.J. McDuffie*, *Armanda Coal Barrow*, and many other courts, the Defendant here, is hereby requesting that the Court allow me to amend my January 29, 2024 notice of removal. Therefore, this Court should also grant the Defendant Clifton Sneed leave to amend the January 29, 2024 notice of removal, pursuant to 28 U.S.C. § 1653.

In *Corporate Management*, the 11th Circuit concluded that "because the district court erred by remanding the case on jurisdictional grounds when faced solely with a procedural defect in the removal process," we [the 11th Circuit] directed the district court to give the defendants leave to amend their notice of removal under 28 U.S.C. § 1653.

Id. at 1298; see also *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) **(noting that 28 U.S.C. § 1653 "should be construed liberally").** Emphasis added.

The same result is warranted here. The allegations in my proposed amended notice of removal would cure any defective allegation regarding each of the parties' citizenship, as well as any missed jurisdictional allegations – thereafter, the record would clearly demonstrate that diversity jurisdiction does in fact, exist here in this instant case.

C. CONCLUSION

Yes, it is true that 28 U.S.C. § 1447(c) allows a district court to remand based upon a timely motion to remand on the basis of a procedural defect such as the failure to properly alleged a party's citizenship. Here however, it is without any dispute or opposition whatsoever that this Court's May 14, 2024 remand order is **not** based on such a timely motion to remand, as no such motion has ever been filed in this proceeding.

In this instant case, the record reflects that I, the Defendant removed this State court action to this Court on January 29, 2024 and served Plaintiff notice of said removal. Plaintiff has not filed any motions in this Court at all, in fact, Plaintiff WELLS FARGO has not even appeared in this Removal proceeding, let alone file a "timely" motion to remand.

Indeed, this Court has subject matter jurisdiction over this Removal pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction."  Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1). There is nothing in the present record that disputes the fact that the Defendants have met both of these jurisdictional requirements, and if not, an amended

Notice of Removal would cure, not only any procedural defects, but would also cure any missed jurisdictional facts. In conclusion, the Court's May 14, 2024 remand order was based solely on a separate order – an order that was not yet received by the Defendant – due process demands more.

**WHEREFORE**, the Defendant Cliffton Sneed is hereby requesting that this Court reconsider, and thereafter, vacate its May 14, 2024 *sua sponte* order [DE 5] remanding this case to the State court and for any further relief that the Court deems just and proper.

Respectfully Submitted,

_____
Cliffton L. Sneed
12757 NW 13th Street
Sunrise, Florida 33323

**CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing has been furnished by Public Access To Court Electronic Records (PACER) system to Plaintiff's attorney at dmspradleylaw@gmail.com and/or by U.S. Mail to Plaintiff attorney, DANIELLE SPRADLEY & ASSOCIATES, P.A. at 10031 Pines Boulevard, Suite 226, Pembroke Pines, Florida 33024, on this 11th day of June, 2024.

_____
Cliffton L. Sneed