UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60163-RS

WELLS FARGO BANK, N.A. AS TRUSTEE
FOR BANC OF AMERICA FUNDING COR-
PORATION MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-5
    Plaintiff,

Vs.

CLIFFTON L. SNEED, *et. al*        /

FILED BY _____ D.C.
FEB 07 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT CLIFTON SNEED'S MOTION FOR RECONSIDERATION OF 2nd *SUA SPONTE* REMAND ORDER

I, the Defendant Cliffton L. Sneed[1], pursuant to Fed. R. Civ. § 59 respectfully submits this, my second Motion for Reconsideration - this time, of the Court's January 13, 2025 second *sua sponte* Remand Order [DE 10], and in support hereof states:

*INTRODUCTION*

In 2022, our United States Supreme Court, in *Shipley v. Helping Hands Therapy*, 142 S. Ct. 861 - Supreme Court 2022, agreed with the 11th Circuit Court of Appeals in *Shipley v. Helping Hands Therapy*, 996 F. 3d 1157 - Court of Appeals, 11th Circuit 2021, by holding that non-jurisdiction remands (such as the one here) must be based on timely motions to remand that assert procedural defects. These holdings revisited a split between the 9th and 5th Circuits regarding the proper interpretation of 28 U.S.C. 1447(c)'s non-jurisdictional remand provision. The 9th Circuit (much like our 11th Circuit but with different reasoning) – found that both the raising of the procedural defect and the motion

---

[1] For reading simplicity, I will periodically refer to myself as "the Defendant."

to remand must be timely, whereas the 5th Circuit held that only the motion to remand must be timely.

Here, the Defendant relies on *Shipley*, in that "the 11th Circuit approach is preferable because its binding in this circuit, and as importantly, it better employs canons of statutory interpretation and arrives at conclusion that is supported by legislative intent." See *Shipley*.

As in *Shipley*, the case presented here raises the narrow issue of law concerning when a procedural defect in the removal process must be raised in order to trigger a district court's authority under 28 U.S.C. § 1447(c) to remand a case to State court.

Here, the specific issue is whether this Court exceeded its authority under Section 1447(c) by <u>twice</u> remanding this case to state court on the basis of non-jurisdictional grounds – procedural grounds, which Plaintiff Wells Fargo never brought to this Court's attention, let alone, raised such non-jurisdictional grounds within 30 days after the January 29, 2024 removal. See *Shipley v. Helping Hands Therapy*, 142 S. Ct. 861 - Supreme Court 2022.

The Defendant seeks reconsideration in light of *Shipley*, *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Circuit 2001); and *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997)).

As explained in more details below, the 11th Circuit in *Whole Health* relied heavily on the Fifth Circuit Court of Appeals' decision in *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir.1993). In both *Whole Health* and *In re Allstate*, those Circuit Courts held that the Federal Removal Statute, 28 U.S.C. § 1441 et seq., does not permit a district court's

*sua sponte* remand of a case because of a defect in the removal procedure, and that such an action is not permitted as it falls outside the scope of 28 U.S.C. § 1447(c).

Here, as the district courts in *Shipley, Whole Health* and *In re Allstate*, this Court improperly remanded this case back to the state court, based on perceived non-jurisdictional defects in the Defendant's January 29, 2024 removal process. Respectfully, the Court should therefore reconsider its decision and thereafter, vacate its January 13, 2025 *sua sponte* remand order.

### STATEMENT OF FACTS AND STATEMENT OF THE CASE

On January 29, 2024, the Defendant filed a notice of removal on the basis of diversity jurisdiction. [DE 1]. The Defendant alleged that he was a Florida citizen, and that Wells Fargo was **not** a citizen of Florida. At time of removal, the Defendant "believe" that Wells Fargo was either a citizen of Minnesota or California, therefore, the Defendant's January 29, 2024 notice of removal, in fact, alleged that the parties are citizens of different states, and therefore, diverse. As a result, the Defendant initially asserted that there was complete diversity between the parties Plaintiff Wells Fargo and Defendant Clifton Sneed.

On May 9, 2024, the Court entered an order [DE 4] directing the Defendant to file an amended notice of removal that clarifies the citizenship of the parties." However, before the Defendant even received a copy of the court's May 9, 2024 order, the Court, on May 14, 2024 entered its first *sua sponte* order [DE 5] remanding the case back to the state court.

Because the Court's May 14, 2024 *sua sponte* remand order was based solely on an order that the Defendant had not yet received, the Defendant, on June 11, 2024 timely filed a motion for reconsideration [DE 8] of that May 14, 2024 remand order. The

Defendant's June 11, 2024 motion also requested the court to allow the Defendant to amend the initial removal petition filed on January 29, 2024.

On December 3, 2024, the Court entered an order [09] granting the Defendant leave to file an amended notice of removal petition, and to do so, by January 3, 2024. Notably however, with the exception of reciting the cause of the Defendant's June 11, 2024 motion, the Court, in its December 3, 2024 order hardly mentions the Defendant *request for reconsideration*, let alone rule on that timely filed motion for reconsideration – **which is still pending before this Court**. But instead, the Court's December 3, 2024 order stays fixated on directing the Defendant to amend the January 29, 2024 notice of removal – an amendment that still can be made, even in the appellate court.

In fact, this court, in its December 3, 2024 order, has already acknowledged that "District courts should allow a party who failed allege the citizenship in the notice of removal to cure the omission. See *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1298 (11th Cir. 2009). Moreover, the court is well aware that "the Eleventh Circuit has held that "the failure to establish citizenship at the time of removal is a procedural rather than jurisdictional defect." [DE 9, *pg. 2*].

Although extremely gracious that the Court allowed the Defendant to amend the January 29, 2024 notice of removal, however, due to a hectic work schedule, unforeseen family emergencies, and post-holiday distractions, the Defendant was unable to file the amended notice of removal by January 3, 2025. However, the Defendant has now cured that non-jurisdiction defect by filing an amended notice of removal – contemporaneously with this second motion for reconsideration.

On January 13, 2025, the Court entered yet a second *sua sponte* order [DE 10] remanding this case back to the state court – this time, essentially because the Defendant did not file an amended notice of removal by January 3, 2024.

ARGUMENT

### Pursuant to 28 U.S.C. § 1447(c), A Court Cannot Remand for a "Procedural Defect" – and Prior to a Timely Filed Motion to Remand

28 U.S.C. § 1447(c) reads in relevant part:

> A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus "a motion to remand this case on the basis of any defect other than lack of subject matter jurisdiction must have been made within 30 days after the filing of the Defendant's January 29, 2024 notice of removal. . . ." 28 U.S.C. § 1447(c). Moreover, district courts, such as this Court, are also "bound by that thirty-day limit," meaning that the Court can *sua sponte* remand a case based on a procedural defect *only* if it does so within 30 days after the filing of the notice of removal. See *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410-11 (11th Cir. 1997); see id. at 1411 ("The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal."). Also see *Dye v. Sexton*, Court of Appeals, 11th Circuit 2017 (unpublished).

Here, it has been nearly **375 days**, and Wells Fargo still has not bothered filing a motion in this Court to remand the case back to the state court. And because the Court's remand orders were based on a procedural defect; and those order were entered more

than 35 and 190 days (respectively) - after the Defendant filed the original notice of removal, this court lacked authority to remand the case.

Although titled "lack of jurisdiction", the Court's January 13, 2025 remand order, is not opening based on the court lack of subject matter jurisdiction (i.e., amount of controversy and/or the diverse citizenship), but is solely based on the Defendant's failure to timely file an amended notice of removal – clearly such a failure to amend an notice of removal, is not a jurisdictional defect as contemplated by 28 U.S.C. 1447(c).

Moreover, even if the Defendant did not properly allege where (in which state) Plaintiff Wells Fargo's "main office" is located, our 11th Circuit Court of Appeals has held, that "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation marks omitted).

Under *Corp. Mgmt*, the Defendant Sneed's failure to allege, or failure to even establish Wells Fargo's citizenship is a procedural defect, not a jurisdictional one. And because the January 29, 2025 remand order was based on a non-jurisdictional procedural ground; and because the order was entered more than 30 days after the original notice of removal was filed), this court does in fact have subject matter jurisdiction over this case. likewise, the 11th Circuit Court of Appeals would have subject matter jurisdiction to review the Court's January 13, 2025district court remand order. See Bethesda Mem'l Hosp., 123 F.3d at 1410-11. Also see 28 U.S.C. § 1447(c).

Additionally, "defective allegations of jurisdiction may be amended, upon terms, in the trial **or appellate courts**." 28 U.S.C. § 1653. In the 11th Circuit's *Artjen* decision, the Court held that "[i]f a party fails to specifically allege citizenship in [its] notice of removal,

the district court should allow that party 'to cure the omission,' as authorized by § 1653." 561 F.3d at 1297 (quoting *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979)). In *Artjen*, the 11th Circuit explained that "where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction." Id. (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993)). see also *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) (noting that 28 U.S.C. § 1653 "should be construed liberally").

The same result is warranted here, because the allegations in the Defendant's February 6, 2025 amended notice of removal cures any defective allegation as to the location of Plaintiff Wells Fargo's main office – which is not, in anyway, located in the state of Florida. Thus, the record evidence now demonstrates that diversity jurisdiction does in fact exist, this is true because the amount in controversy exceeds $75,000 and the parties are indeed diverse. There is now no dispute that Defendant Clifton Sneed is Florida citizen, and that Wells Fargo is a South Dakota citizen.

As a result, this Court should permit/accept the Defendant's February 6, 2025 amended notice of removal – which cures any defective allegation of citizenship See <u>Artjen, 561 F.3d at 1298</u>.

Although the remand order in this case is maybe based on a procedural defect in the removal process, the Court January 13, 2025 order is not within the bounds of § 1447(c) because the order was issued after the expiration of the thirty-day period to remand provided in the statute. Reading §§ 1447(c) and (d) together, an order remanding

on procedural grounds either upon an untimely motion or untimely sua sponte order is not authorized by § 1447(c).

In *Whole Health,* the 11th Circuit held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis Added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, Plaintiff Well Fargo never bothered filing such a motion for remand within 30 days. It has now been <u>over a year</u> since this case was removed to this court, and Wells Fargo's choice to waive any procedural defects in the January 29, 2024 removal petition, should not be sua sponte undone by this court. In other words, this Court should not reward plaintiff (twice) under such circumstances.

28 U.S.C. 1447(c), is clear in that "a motion to remand the case on the basis of any defect in the removal procedure <u>must be made within 30 days after the filing of the</u> **<u>Notice of Removal</u>** under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects the Defendant's January 29, 2024 removal procedures, **<u>were waived</u>**, and/or forfeited by Plaintiff Wells Fargo's failure to timely file a motion for remand within thirty days of January 29, 2024.

Moreover, the Court's May 14, 2024 and its January 13, 2025 remand orders were not only entered *sua sponte*, but both were based upon perceived defects in the removal procedure *and were not based upon the Court's lack of subject matter jurisdiction as required by the statute*. Here, the jurisdictional issue is undisputed – that's because the party's citizenship are diverse, and because of the fact that the controversy exceeds $75,000 dollars.

    i.     **Failure to Establish A Party's Citizenship at the Time of Filing**

### The Notice of Removal is a *Procedural* Defect

Relevant here, the 11th Circuit in *Corp Mgmt.*, concluded that the failure to establish a party's citizenship at the time of filing the removal notice is a "procedural, rather than jurisdictional, defect...." In making such a finding, the 11th Circuit relied substantially on its sister court's "well-reasoned opinion" in *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir.1993). In that case, because Allstate failed to adequately allege a party's residency in its notice of removal, the district court remanded the case to the state court. Here, because of the party's diversity and the amount of controversy exceeding $75,000, this case originally could have been brought in this federal court.

Here, it appears that the Court indirectly based its January 13, 2025 *sua sponte* remand order on a perceived "lack of jurisdiction" under § 1447(c), apparently[2], based on the Defendant's alleged failure to state the location of Wells Fargo's main office. Once again however, in *Whole Health*, the 11th Circuit (in relying on many of its sister Circuit Courts) concluded that "the failure to establish a party's citizenship at the time of filing the removal notice is a "procedural, rather than jurisdictional, defect. ", citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir.1993).

### ii.  Out-of-Time Motion for Leave to Amend

See *Corp Mgmt*. ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653."

---

[2] The Court's January 13, 2025 remand order does not (on its face) provide a specific reason for the Court's sua sponte action. Instead, the order only refers to the Defendant's alleged failure to comply with the Court's orders.

It is well settled that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. Pursuant to this provision, "if a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission ...." *Corp Mgmt.* (internal quotes omitted).

This principle, however, applies only "where subject matter jurisdiction exists" and the problem is merely an inartful pleading of such jurisdiction – similar to the case here, which involves an apparent failure to allege certain party's citizenship. This is a common error and generally does not establish the absence of diversity since the state of a person's residence is typically the state of his citizenship.

Here, this case involves an easily corrected error in a jurisdictional allegation where diversity clearly exists, and the amount of controversy exceeds $75,000 – **neither of which the Court questions in either its May 14, 2024, or its January 13, 2025 remand orders.**

A. CONCLUSION

Yes, it is true that 28 U.S.C. § 1447(c) allows a district court to remand based upon a *timely* motion to remand on the basis of a non-jurisdictional defects such as the failure to properly alleged a party's citizenship, failure to comply with a court order, or failing to file an amended notice or removal. Here however, it is without any dispute or opposition whatsoever that this Court's January 13, 2025 remand order is **not** based on such a timely motion to remand, as no such motion has ever been filed in this proceeding.

Indeed, this Court has subject matter jurisdiction over this Removal pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction." Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and

for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1). There is nothing in the present record that disputes the fact that the Defendants have met both of these jurisdictional requirements, and if not, an amended Notice of Removal would cure not only any procedural defects but would also cure any missed jurisdictional facts.

**WHEREFORE**, the Defendant Cliffton Sneed is hereby requesting that this Court reconsider, and thereafter, vacate its January 13, 2025 *sua sponte* order [DE 10] remanding this case to the State court and for any further relief that the Court deems just and proper.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing has been furnished by Public Access To Court Electronic Records (PACER) system to Plaintiff's attorney at MRService@mccalla.com and/or by U.S. Mail to Plaintiff attorney, MCCALLA RAYMER LEIBERT PIERCE, LLC at 225 East Robinson Street, Suite 155, Orlando, Florida 32801, on this 7th day of February, 2025.

Cliffton L. Sneed
12757 NW 13th Street
Sunrise, Florida 33323