UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24- 60163-CIV-SMITH

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

CLIFFTON L. SNEED, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant's Motion for Reconsideration of the Order Remanding the Case to State Court [DE 12] (the "Motion"). For the reasons that follow, Defendant's Motion is denied.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. Defendant has not established any of these grounds in his Motion.

**I.   BACKGROUND**

On January 29, 2024, the Defendant filed a Notice of Removal ("Notice") [DE 1]. The Notice failed to adequately plead the citizenship of Plaintiff, Wells Fargo, and failed to allege any facts establishing the citizenship of Defendants Osprey at Sawgrass Mills Homeowners Association, Inc., The Patio Homes in Sawgrass Mills Association, Inc., The Residences of Sawgrass Mills Community Association, Inc., and A-Team General Contractors Group, Inc., jointly, ("Corporate Defendants"). The Notice only provided that: "none of the named Defendants,

including myself, Cliffton L. Sneed, was not, at the time WELLSFARGO filed the state court action, and still are not, citizens of California." (DE 1., at 1)

The Court, by prior Order, instructed Defendant "that by May 13, 2024, [he] shall file an amended notice of removal that clarified the citizenship of the parties" and stated that "[f]ailure to do so will result in remand of this action without further notice." (DE 4.)  The Defendant failed to comply, and the case was remanded. (DE 5.)  The Defendant thereafter filed his First Motion for Reconsideration of the Order Remanding the Case to State Court [DE 8].  In his First Motion for Reconsideration, Defendant stated that he was given insufficient time to comply with the Court's Order to amend his Notice.  (*Id*.)  As result, on December 3, 2024, the Court issued an Order [DE 9], granting Defendant's First Motion for Reconsideration and gave him leave to file an amended notice of removal. The December 3, 2024, Order again stated that "[f]ailure to [file an amended notice] will result in remand of this action without further notice." (DE 9.)  Defendant had until January 3, 2025, to comply with the December 3, 2024, Order and failed to do so; the action was again remanded on January 13, 2025 – 269 days after the Defendant was placed on notice of his deficient pleading. (DE 10.)

The Plaintiff filed the present Motion for Reconsideration [DE 12], February 7, 2025, alongside an Amended Notice [DE 13].  The Defendant's Amended Notice like his previous Notice fails to allege sufficient facts establishing the citizenship of Defendants Osprey at Sawgrass Mills Homeowners Association, Inc., The Patio Homes in Sawgrass Mills Association, Inc., The Residences of Sawgrass Mills Community Association, Inc., and A-Team General Contractors Group, Inc. ("Corporate Defendants").  The Notice only provides that: "none of the named Defendants, including myself, Cliffton L. Sneed, was not, at the time WELLSFARGO filed the state court action, and still are not, citizens of South Dakota."  (DE 13.)

2

## II. **DISCUSSION**

As noted above, reconsideration is an extraordinary remedy to be employed sparingly. Defendant's Motion for Reconsideration of the Court's current order of remand argues the Court erred in remanding the case because of procedural deficiencies.  While Defendant is correct in his assertion that the Eleventh Circuit has held that "[i]f a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party 'to cure the omission.'" *Dye v. Sexton*, 695 F. App'x 482, 485 (11th Cir. 2017). Defendant fails to recognize that this Court has already given Defendant two opportunities to cure his deficient pleading and ***Defendant failed to do***.

The Court is vested with the inherent authority to manage its docket, including imposition of sanctions for failure to comply with a court order.  *See Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) (stating "[d]istrict courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders"). This discretion includes outright dismissal of an action.  *See Williams v. Alabama Bd. of Educ.*, 182 F. App'x 868, 870 (11th Cir. 2006) (noting "the district court has the authority to dismiss [an action] . . . for failure . . . to comply with its orders or rules of procedure.").  Likewise, "repeated failure to cure deficiencies . . . is an explicitly permitted reason for which [a] district court [is] entitled to deny [a] motion." *Johnson v. Boyd*, 701 F. App'x 841, 844 (11th Cir. 2017).

Here, Defendant was given multiple opportunities to cure his pleadings and failed to do so. Moreover, the Court's Order remanding the case was not based solely on the noted procedural issues with Defendant's pleadings but also for complete failure to comply with the Court's Orders. Upon consideration, the Court denies Defendant's Motion for Reconsideration on these two grounds.

Accordingly, it is

**ORDERED** that Defendant's Motion for Reconsideration of the Order Remanding the Case to State Court [DE 12] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 13th day of February, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record